UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Landry | Civil Action No. 08-0859 |
| versus | Judge Tucker L. Melançon |
| Louisiana | Magistrate Judge Methvin |

**MEMORANDUM RULING**

Before the Court are defendant, State of Louisiana, through The Department Of Public Safety And Corrections, Office Of State Police's, Motion for Summary Judgment [Rec. Doc. 18] and plaintiff's opposition thereto [Rec. Doc. 23]. Also before the Court are plaintiff Derek M. Landry's Motion to Strike the motion for summary judgment [Rec. Doc. 22] and defendant's opposition thereto and Motion For Leave to file the untimely motion for summary judgment [Rec. Doc. 24]. For the following reasons, the Court will deny plaintiff's motion to strike, grant defendant's motion for leave and grant defendant's motion for summary judgment.

*I. Background*

Plaintiff, Derek M. Landry, brings this action under Title VII of the Civil Rights Act of 1964 alleging that he was terminated from his employment as a Louisiana state trooper as the result of racial discrimination and disparate treatment. *R. 1*. By letter dated July 16, 2007, plaintiff was given written notice, pursuant to Commission Rules 12.1 and 12.2, by Colonel Henry Whitehorn, Superintendent, Office of State Police, of his termination of employment with the Department of Public Safety and Corrections, Office of State Police. *R. 18, Exh. 1*. The letter stated that plaintiff was being terminated due to numerous violations of policy and procedure that jeopardized the safety of plaintiff and the general public. *Id.* On August 9, 2007, plaintiff, through counsel, filed a "petition of Appeal" with the Louisiana State Police Commission, disputing Colonel Whitehorn's reasons for his

termination. *Id. at Exh. 3.* On June 16, 2008, the Commission rendered its opinion and upheld the termination, finding, among other things, that "there are ample grounds for termination of appellant's employment," and that the evidence "confirm[ed] his numerous violations of policy and procedure, such conduct placing not only himself but the public safety in jeopardy." *Id.* at Exh. 4. Plaintiff, through counsel, then filed an appeal with the Louisiana First Circuit Court of Appeal. On May 8, 2009, the Court of Appeal affirmed the Commission's decision stating that, "the listed infractions clearly show no error committed in the decision by the State Police to terminate Mr. Landry, or in the Commission's decision to uphold the termination." *Id.* at Exh. 5. In its Statement of Undisputed Material Facts, defendant represents that the decision of the Court of Appeal is final as plaintiff did not file an application for rehearing with the First Circuit and did not apply for writs to the Louisiana Supreme Court. *R. 18-3.* While plaintiff states that he "disputes this fact as written," *R. 23-2,* he makes no statement nor offers any evidence to the contrary. *R. 23.*

Plaintiff filed the present action in this Court on June 17, 2008 alleging racial discrimination under Title VII of the 1964 Civil Rights Act. In particular, Landry alleges that defendant is liable for "systemic disparate treatment [sic] racial discrimination." *Id.* at ¶ 20. Plaintiff further alleges that defendant retaliated against him in response to plaintiff's complaint of racial discrimination by "suspending him from his employment."[1] *R. 1, ¶ 11.* In its motion for summary judgment, defendant contends that plaintiff's action should be dismissed because plaintiff's termination claim was fully litigated in his administrative hearing and appeal and his claims under Title VII are therefore precluded under the doctrine of res judicata.

---

[1] Plaintiff characterizes his termination as "suspended" and "leave."

Plaintiff has filed a motion to strike defendant's motion as being untimely in that it was filed past the Court's dispositive motion deadline of May 20, 2009. *R. 22-2*. The record reflects that following the filing of defendant's motion on July 9, 2009, *R. 18*, the Court granted plaintiff's unopposed motion for an extension giving plaintiff until August 4, 2009, a total of 26 days, to file his opposition to the motion. *R. 21*. On August 3, 2009, plaintiff filed this motion to strike and then filed his opposition to the motion. *R. 22; 23*. Thereafter, defendant filed its opposition to plaintiff's motion to strike and also included a motion for leave to file the untimely motion for summary judgment. *R. 24*. The record supports that the appeal delays rendering the First Circuit Court of Appeal's ruling in plaintiff's administrative appeal a final judgment was June 6, 2009, 16 days after the dispositive motion deadline. In light of that information, while defendant's motion was untimely, the Court ruled, albeit impliedly, that it accepted defendant's late filed motion and plaintiff was given more than adequate time to respond. *R.21*. Accordingly, plaintiff's motion to strike, for purposes of the record, will be denied and defendant's motion for leave will be granted.

## II. Standard

Summary judgment is appropriate only when the record reflects "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To determine whether a genuine issue of material fact exists, "we view facts and inferences in the light most favorable to the nonmoving party." *Mahaffey v. Gen. Sec. Ins. Co.*, 543 F.3d 738, 740 (5th Cir. 2008). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such

evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id*. If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[2] *Id*. at 322-23. Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.*, 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson*, 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 97 (5th Cir. 1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[2] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the nonmoving party of these essential elements renders all other facts immaterial. *Id.* at 322.

If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### *III. Analysis*

Plaintiff does not dispute the substantive findings regarding his dismissal, but rather advances a new argument that his termination was too harsh because similarly situated white officers have not been terminated for similar conduct. Defendant claims in its motion for summary judgment that plaintiff failed to raise this issue in the state court proceedings, which necessarily bars his current claim under the doctrine of res judicata because the disparate treatment claim comes under the same cause of action and should have been asserted in the prior claim. Thus, the issue before the Court is whether res judicata applies to plaintiff's claim, made for the first time in this Court, that he was terminated in violation of Title VII as a result of disparate treatment because he is an African American, when state administrative proceedings and appellate court review have already affirmed plaintiff's termination on performance-related grounds.

The Fifth Circuit has used the following test in determining the applicability of res judicata:

> The doctrine of res judicata, or claim preclusion, forecloses relitigation of claims that were or could have been raised in a prior action. Four elements must be met for a claim to be barred by res judicata:
>
> (1) the parties in both the prior suit and current suit must be identical;
>
> (2) a court of competent jurisdiction must have rendered the prior judgment;
>
> (3) the prior judgment must have been final and on the merits; and

(4) the plaintiff must raise the same cause of action in both suits.

*Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 312-13 (5th Cir. 2004) (internal citations omitted) (emphasis in the original). It is clear that the first three *Davis* elements are met: Landry is once again suing the State; a prior judgment was rendered by Louisiana's First Circuit Court of Appeal, a court of competent jurisdiction; and the First Circuit's judgment was final[3] and on the merits.

In *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379 (5th Cir.1982), aff'd on rehearing, 701 F.2d 556 (5th Cir. 1983) (en banc), the Fifth Circuit adopted the transactional test of the Restatement (Second) of Judgments for determining whether two suits involve the same claim for res judicata purposes. Under this approach, the critical issue is not the relief requested or the theory asserted but whether plaintiff bases the two actions on the same nucleus of operative facts. *Id.* at 560. The rule is that res judicata "bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication, ... not merely those that were adjudicated." *Id.* Elaborating on the fourth element of the res judicata test, the *Davis* panel further held that:

> To determine whether the prior and current suits involve the same cause of action, we apply the transactional test. Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose. What grouping of facts constitutes a transaction or a series of transactions must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. The critical issue under the transactional test is whether the two actions are based on the same nucleus of operative facts. Thus, we must review the facts contained in each complaint to

---

[3] Defendant represents, and plaintiff does not dispute, that the prior disposition of this case, *Landry v. Dept. of Public Safety and Corrections*, No. 2008 CA 2142, 2009 WL 1270290 (La. App. 1st Cir. 05/08/09) ("*Landry I*"), rendered a "final" judgment since plaintiff did not ask for rehearing or file a writ with the Louisiana Supreme Court.

> determine whether they are part of the same transaction or series of transactions, which arise from the same nucleus of operative facts.

*Id*. at 313 (internal citations and quotations omitted). Applying the *Davis* transactional test, the Court finds the prior proceeding and the final judgment rendered in connection therewith did indeed involve factual determinations from the same core nucleus as those contained in the current complaint, which precludes review by this Court and consequently requires granting summary judgment in favor of defendant.

In the prior disposition of the case, plaintiff contested his termination by the State Police Department. *Landry I*, 2009 WL 1270290, at *1. All factors relevant to the termination were parsed except the newly-alleged racially discriminatory disparate treatment. The foundational facts which eventually culminated in the termination, including plaintiff's past failures to follow established police procedure, were of the exact time, space, origin and motivation that form the basis of this action. By way of example, in his Complaint plaintiff asks for relief from, inter alia, "loss of wages and employment." *R*. 1, ¶ 23(a). Moreover, the complaint plainly refers to the plaintiff's actions on October 24, 2006, *R*. 1, ¶ 10, an incident which was heavily documented in the notice of termination which plaintiff previously contested, see *Landry I*, 2009 WL 1270290, at * 1 (quoting plaintiff's notice of termination, which documents plaintiff's misconduct in detail). In his Complaint, plaintiff attempts to use the October 24 incident to illustrate widespread discriminatory actions on the part of the State Police, but, in fact, it illustrates the recycled issues previously resolved in the state court proceeding. The state court proceeding dealt squarely and straight-forwardly with plaintiff's employment, termination, and the reasons therefore. Plaintiff had more than adequate opportunity to raise any and all issues of alleged discrimination with the Louisiana State Police Commission or in the state appellate court.

The application of res judicata therefore bars plaintiff from invoking the jurisdiction of this Court, requiring the Court to grant summary judgment in favor of defendant.

Although the case-on-point was not cited by counsel for either party, *Frazier v. East Baton Rouge Parish Sch. Bd*., 363 F.2d 861 (5th Cir. 1966) is clear Fifth Circuit precedent. In *Frazier*, plaintiff school teacher was discharged by the parish superintendent. The parish school board, acting as an administrative body under authorization of Louisiana law, reviewed the firing and approved it. The plaintiff then appealed to the State's Nineteenth Judicial District Court and First Circuit Court of Appeal, both of which also affirmed the firing. After having a petition for rehearing with the appellate court and a writ filed with the Louisiana Supreme Court denied, plaintiff filed suit in the United States District Court for the Eastern District of Louisiana, alleging for the first time racial discrimination as the basis for his discharge. After the federal district court dismissed the complaint, on appeal, the Fifth Circuit held that "the decision of the state court of appeal, acting judicially, is a bar to [plaintiff's] claim … even though he raises his federal claim of discrimination for the first time in federal court." *Id*. The court further held that since plaintiff decided to have the merits of the state administrative action reviewed by state courts, "the only appropriate federal forum for review of his alleged federal claim of discrimination was the United States Supreme Court." *Id*. Since the plaintiff in that case had "bypassed that opportunity," the claim was barred by res judicata. *Id*., *see also*, *Cornwell v. Ferguson*, 545 F.2d 1022 (5th Cir. 1977) (claims raised in state administrative hearings that were also heard by regularly-constituted state judicial courts were subject to res judicata, even if the claims were of a federal nature).

*IV. Conclusion*

Plaintiff's motion to strike defendant's motion for summary judgment will be denied and defendant's motion for leave to file its motion, for purposes of the record, will be granted. The Court finds that the elements of res judicata are met under *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309 (5th Cir. 2004) and plaintiff's newly asserted claim that his termination was the result of racial discrimination and disparate treatment under Title VII of the 1964 Civil Rights Act could and should have been asserted in the state proceeding, plaintiff's action is barred and defendant's motion for summary judgment must be granted.